IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:10-CV-167-FL

| | |
|---|---|
| MARK BUCHANAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE # 32, 36). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and uphold the final decision of the Commissioner of Social Security ("Commissioner"). Plaintiff timely filed objection to the M&R, and defendant did not respond. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge, grants defendant's motion for judgment on the pleadings, denies plaintiff's motion for judgment on the pleadings, and upholds the final decision of the Commissioner.

**BACKGROUND**

A detailed summary of the factual history of the case is found in the M&R and is not necessary to reproduce in its entirety here. (See M&R 4-7.) The relevant facts for determination of the issues raised herein are set forth as follows.

Plaintiff protectively filed an application for a period of disability, disability insurance benefits ("DIB") and supplemental security income ("SSI") payments on March 14, 2008, alleging a disability onset date of April 13, 2005. Both claims were initially denied and upon reconsideration. Hearing was held before the Administrative Law Judge ("ALJ") on February 23, 2010, at which hearing plaintiff was represented by counsel. A vocational expert ("VE") appeared and testified. On April 19, 2010, the ALJ issued decision denying plaintiff's request for benefits. On September 18, 2010, the Appeals Council denied plaintiff's request for review. Plaintiff filed complaint in this court for review of the final administrative decision. On August 15, 2011, the magistrate judge entered M&R recommending that defendant's motion for judgment on the pleadings be granted. Plaintiff timely filed objection.

## DISCUSSION

A.  Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales. 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and

2

recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform her past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

When assessing the severity of mental impairments, the ALJ must do so in accordance with the "special technique" described in 20 C.F.R. §§ 404.1520a(b)-(c) and 416.920a(b)-(c). This regulatory scheme identifies four broad functional areas in which the ALJ rates the degree of functional limitation resulting from a claimant's mental impairment(s): activities of daily living;

social functioning; concentration, persistence or pace; and episodes of decompensation. Id. §§ 404.1520a(c)(3), 416.920a(c)(3). The ALJ is required to incorporate into her written decision pertinent findings and conclusions based on the "special technique." Id. §§ 404.1520a(e)(2), 416.920a(e)(2).

At the administrative hearing, the ALJ applied the sequential evaluation process required for determination of social security benefits. At step one, the ALJ found that plaintiff was no longer engaged in substantial gainful employment. At step two, the ALJ found that plaintiff had the severe impairment of degenerative disc disease ("DDD"). The ALJ also found that plaintiff had a nonsevere impairment of depression. However, at step three, the ALJ concluded that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments at 20 C.F.C. Part 404 Subpart P, Appendix 1. Prior to proceedings to step four, the ALJ assessed plaintiff's residual functional capacity ("RFC"), finding that plaintiff could perform light work[1], could occasionally balance, stoop, kneel and crawl, and should avoid concentrated exposure to hazards. In making this assessment, the ALJ found plaintiff's statements about his limitations not fully credible. At step four, the ALJ found that plaintiff had the RFC to perform the requirements of his past relevant work.

---

[1] Light work involves lifting no more than twenty (20) pounds at a time with frequent lifting or carrying of objects weighing up to ten (10) pounds. Even though the weight lifted might be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling or arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If an individual can perform light work, he or she can also perform sedentary work, unless there are additional limiting factors such as the loss of fine dexterity or the inability to sit for long periods of time. See 20 C.F.R. §§ 404.1567(b), 416.967(b).

4

B.  Analysis

Plaintiff raises three objections to the magistrate judge's analysis in the M&R. First, plaintiff avers that the magistrate judge erroneously found that plaintiff's DDD and other conditions do not meet the criteria of Listing 1.04A. Second, plaintiff argues that the magistrate judge erred in finding that the ALJ properly evaluated the opinions of plaintiff's treating physicians. Last, plaintiff contends the magistrate judge improperly found that the ALJ's RFC determination is supported by substantial evidence. After careful consideration, the court overrules each of plaintiff's objections for the reasons set forth below.

1.  Criteria of Listing 1.04A

Plaintiff's objection is factual, that the magistrate judge misstated the facts when he found no evidence of spinal cord compromise. The court disagrees. As a preliminary matter, the standard for finding whether the substantial evidence supports the Commissioner's's findings is as follows. "In reviewing for substantial evidence, [the court should not] understand to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (citing Craig, 76 F.3d at 589). The court's review, rather, is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained his or her findings and rational in crediting the evidence. Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439-40 (4th Cir. 1997).

Plaintiff objects to evidence cited by the magistrate judge, and attempts to find contradictory language in the record to undermine the magistrate judge's findings. For example, with regard to the MRI taken in September 2009, the magistrate judge correctly notes that the results of this MRI show a "stable appearance of the lumbar spine . . . without significant spinal canal or neuroforaminal

5

narrowing." (R. 18, 544). Plaintiff attempts to contradict the magistrate judge's finding by noting that the same MRI indicated flattening at the L4-5 level and loss of T-2 signal at the L5-S1 level. While the report does include this information, the information does not weaken the magistrate judge's conclusion that the examining physician's overall impression was that plaintiff showed a stable appearance of the lumbar spine. The magistrate judge's conclusion was bolstered by other evidence in the record, specifically the August 2006, MRI, which revealed no evidence "of foraminal narrowing or neural impingement." (R. 17, 375.)

Plaintiff also objects to the magistrate judge's finding that plaintiff has not experienced atrophy with associated muscle weakness accompanied by sensory or reflex loss, which atrophy is required under Listing 1.04A. See C.F.R. § 404, Subpt. P., App. 1, § 1.04. The magistrate judge found that the record revealed that plaintiff did not suffer from sensory or reflex loss, particularly the examinations in August 2006, November 2007, June 2009, and December 2009, that indicated either one or more of the following factors: intact neurological testing, no muscle atrophy, or normal lower extremity bulk, tone, and power. (R. 398, 354, 568, 504.) The medical opinions that plaintiff cites in contravention of these examinations are Dr. Watford's and Dr. Cooper's, whose conclusions of disability are not supported by the evidence in the record, as described in more detail below.[2]

---

[2] The court notes that even though the opinions of Dr. Watford and Dr. Cooper are not controlling in this case, as described in detail in this order, the examinations in 2006, 2007, and 2009, which revealed that plaintiff did not suffer sensory or reflex loss are consistent with Watford's and Cooper's general observations that plaintiff was improving and ambulating. (R. 242, 245, 363, 368.) Those physicians, like others in the record, noted that plaintiff described a tingling in his foot, however, taken as a whole, these observations did not give way to the conclusion that plaintiff suffered sensory or reflex loss as described under § 1.04A. (R. 240, 241, 303.)

6

Upon *de novo* review of the magistrate judge's finding that plaintiff's DDD does not meet the requirements of Listing 1.04A, and careful consideration of the record, the court finds no error in the ALJ's or magistrate judge's conclusions. Both are supported by substantial evidence in the record. As such, plaintiff's objection is overruled.

2. ALJ's Evaluation of Treating Physicians' Opinions

Plaintiff alleges that the magistrate judge made an incorrect statement of law when analyzing what weight is to be given to a treating physician's opinion. The court finds to the contrary.

As the magistrate judge noted, though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig, 76 F.3d at 590. In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Id. The social security ruling plaintiff cites states clearly, "If a treating source's medical opinion is well-supported and *not inconsistent with the other substantial evidence in the case record*, it must be given controlling weight, i.e., it must be adopted." SSR 96-2p (emphasis added). Here, the magistrate judge conducted a thorough analysis of both treating physicians, Dr. Watford and Dr. Cooper, finding that the ALJ was not incorrect to discount the opinions of both for lack of support in the record as well as lack of support in the physicians' examinations for their conclusions.

As for Dr. Watford, plaintiff contends the magistrate judge erred in concluding that the ALJ was correct to find that Dr. Watford's opinion was not supported by his own medical evaluations. Plaintiff cites a written note dated July 10, 2007, from Dr. Watford, that states that plaintiff is disabled. Plaintiff argues that the record is "replete" with clinical findings supporting this medical opinion. Plaintiff then cites to the entirety of the documents in the record that include Dr. Watford.

7

The court finds the pages plaintiff cites do not support his claim. In fact, as the magistrate noted, these pages include numerous references by Dr. Watford to plaintiff's improvement, including improved mobility (R. 235, 242), ability to ambulate (R. 245), and general improvement (R. 255.) While the records also show that plaintiff continued to experience back pain and some numbness, they do not clearly support plaintiff's contention that the records support disability. Notably, the June 2007, note by Dr. Watford stating that plaintiff is disabled does not contain a medical examination supporting this conclusion.

Additionally, plaintiff places much on Dr. Watford's "final conclusion" that plaintiff was disabled. However, plaintiff fails to address what the ALJ and magistrate judge correctly noted, that whether or not an individual is disabled is a finding of fact reserved to the Commissioner. See 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). The magistrate judge did not err in finding that the ALJ was correct to discount Dr. Watford's opinion.

Plaintiff contends that the magistrate judge erred in finding that the ALJ was correct to assign Dr. Cooper's opinion no weight because it was not supported by substantial medical evidence of record. Again, the court disagrees. The reasoning of the magistrate judge is sufficient on this point. Dr. Cooper examined plaintiff one time, on March 11, 2008. Dr. Cooper's physical examination revealed that plaintiff had mild limitation of cervical motion with mild discomfort, moderate limitation of lumbar motion, full range of motion on both upper extremities, full range of motion of his hips and knees and some weakness in the gastrocnemius muscle of the left leg (R. 367-368.) The magistrate judge noted, and this court agrees, that the physical examination revealed only mild to

8

Case 4:10-cv-00167-FL Document 40 Filed 11/09/11 Page 8 of 12

moderate limitations and that these are inconsistent with the legal conclusion of disability.[3] Significantly, the conclusion of disability is also inconsistent with the September 2009, MRI, taken approximately six months later, which stated that plaintiff showed a stable appearance (R. 544.)

Lastly, plaintiff argues that the magistrate judge did not mention the other Veterans Affairs ("VA") doctors whose findings were "identical" to the findings of Drs. Watford and Cooper. However, the court does not find that the VA doctors' opinions are consistent with Watford's and Cooper's unsubstantiated conclusions of disability. The VA records show evidence of "patchy sensory loss," yet "normal lower extremity bulk, tone and power." (R. 303.) In August 2006, the VA reports show some improvement and a "normal but somewhat slowed/measured heel-toe gait." (R. 304, 432). An August 2006, MRI showed no evidence of disc herniation for the most part, with some mild grade I anterolisthesis of L5 on S1 and small lateral disc protrusion (R. 494.) An examination in June 2006, showed no signs of trauma or degenerative change. As noted earlier, a September 2009, MRI indicated "stable appearance of the lumbar spine . . . small left paracentral annular tear and minimal disc bulge . . . without significant spinal canal or neuroformanial narrowing." (R. 544). Taken as a whole, these records are not "identical" to Dr. Watford's and Dr. Cooper's findings.[4] More importantly, they are inconsistent with a finding that plaintiff is disabled.

Plaintiff's other objections with regard to this issue are unfounded. Plaintiff contends that the magistrate judge simply concluded that the ALJ's findings were based on substantial evidence, without pointing to the evidence on which the ALJ relied. To the contrary, the M&R is replete with

---

[3] Additionally, as noted earlier, the determination of whether or not an individual is disabled is a finding of fact reserved for the Commissioner. See 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1).

[4] Notably, plaintiff did not offer specific citations to the record to support the assertion that the findings of the VA doctors were "identical" to the findings of Dr. Watford and Dr. Cooper.

9

specific citations to the record of substantial evidence to support the ALJ's findings.[5] The court agrees with the magistrate judge that the ALJ properly considered and rejected the opinions of Dr. Watford and Dr. Cooper because their conclusions of disability were not supported by substantial evidence.

3. ALJ's RFC Determination

Plaintiff's last objection is that the magistrate judge incorrectly concluded that the ALJ's RFC determination was supported by substantial evidence. The court disagrees. First, the court finds no error in the magistrate judge's determination that it was "harmless error" for the ALJ to inaccurately cite plaintiff's wife's statement that plaintiff could exercise twice a day after his disability onset date. Plaintiff's objection on this point fails to address the other evidence in the record of plaintiff's activity, such as weekly attendance at church, participation in the church choir twice a month, and visiting a boxing club approximately for an hour and a half twice a week to assist boxers with their form. This evidence adds further support to the ALJ's finding, which finding does not suggest that the ALJ relied heavily on plaintiff's wife's comment in the first place. (R. 18.) The court agrees that the erroneous characterization of plaintiff's wife's comment was harmless error, and plaintiff's objection is overruled.

Plaintiff next objects to the magistrate judge's findings regarding the ALJ's reliance on a consultative psychological examiner's opinion that plaintiff was uncooperative in psychological evaluation. Notably, plaintiff cites no legal support for this objection. The ALJ's findings regarding plaintiff's memory impairment were consistent with the evidence in the record. Notably, the VA

---

[5] As an example, the ALJ particularly noted that Dr. Cooper's opinion of disability was inconsistent with other medical evidence, including the September 2009, lumbar spine MRI which the court has also pointed out as inconsistent with the opinions of plaintiff's treating physicians. (R. 18, 544.)

10

doctors, whose psychological assessment plaintiff suggests should be given more weight, noted that plaintiff's thought form was linear and logical and that his judgment and cognition were good. (R. 340.) These findings are consistent with the findings of Dr. Albert and Dr. Mozingo, who examined plaintiff on May 3, 2008, and June 30, 2008, respectively, and noted that though plaintiff was not trying during his psychological exam, he still showed an ability to understand (R. 440, 452). The ALJ's consideration of the medical opinions regarding plaintiff's psychological condition noted above made the RFC evaluation more thorough. Plaintiff's objection is overruled.

Plaintiff objects to the magistrate judge's conclusion that it was harmless error for the ALJ to fail to mention that plaintiff was prescribed a cane. Plaintiff states that the magistrate judge made a "misstatement of fact" regarding the presence of a cane in the VA doctor's evaluation. However, reading the magistrate judge's statement within the context of the M&R, the court finds that the magistrate judge noted that the cane was not mentioned in the ALJ's summary, and that the magistrate judge did not suggest that the physician's summary failed to mention a cane. This interpretation is bolstered by the fact that the magistrate judge clearly acknowledges that other portions of the ALJ's opinion reveal that the ALJ was aware of plaintiff's cane, and took it into account in determining the RFC. The court disagrees that this reasoning is "a bit of post hoc rationalization," but rather finds it is a reasonable interpretation of what the ALJ considered in evaluating the RFC. (R. 14, 17, 18.) Most importantly, as the magistrate judge notes, plaintiff does not contend that he is more limited in his ability to balance than that found by the ALJ. Plaintiff offers no further objection to the magistrate judge's analysis regarding the ALJ's determination of the RFC, and as such, this objection is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, GRANTS defendant's motion for judgment on the pleadings (DE # 36), DENIES plaintiff's motion for judgment on the pleadings (DE # 32), and upholds the final decision of the Commissioner. The Clerk is directed to close this case.

SO ORDERED this the 5th day of November, 2011.

LOUISE W. FLANAGAN
United States District Judge